22 C. C. P. A. (Patents)

## In re FREEDOM OIL WORKS CO.
### Patent Appeal No. 3517.

Court of Customs and Patent Appeals.
June 3, 1935.

M. S. Meem, of Washington, D. C. (Richard L. Underwood, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Marks denying appellant's application for registration under the Trade-Mark Act of February 20, 1905, as amended (15 USCA § 81 et seq.), of a composite trade-mark for use on lubricating oils, comprising the word "Ace" printed in large letters across the face of a representation of an ace of spades playing card, with the word "Penn" immediately above, and the words "Motor Oil" printed across a scroll, immediately below, the word "Ace." Below the scroll appear the words "100% Pure Pennsylvania." The letters of the word "Ace" are much larger than those in the other words of the mark.

The words "Motor Oil" and "100% Pure Pennsylvania" were disclaimed apart from the mark as shown.

Appellant's application for registration was rejected by the tribunals of the Patent Office in view of the Midwest Oil Company's Registration No. 185,692, issued June 24, 1924, for use on lubricating oils, greases, kerosene, gasoline, naphtha, and fuel, gas, and road, oils, of a composite trade-mark comprising the word "Ace" in large block letters above the broken outline of a triangle. Within the triangle, in smaller letters, appears the word "Quality," which was disclaimed apart from the mark as shown.

Each of the triunals of the Patent Office concluded that the dominant feature of the two marks was the word "Ace"; that the word "Penn," in appellant's mark, was an abbreviation of the word "Pennsylvania"; that it was used in a purely geographical sense; and that as each of the marks was used upon lubricating oils, their concurrent use by the registrant, the Midwest Oil Company, and the appellant would be likely to cause confusion in trade.

In his decision, the Examiner, among other things, stated that: "Both marks are substantially the word 'Ace'. The applicant has been allowed the notation 'Penn Ace', but it is believed that applicant's goods would be known and called for as 'Ace' motor oil. The smaller type of the word 'Penn' corresponding in size to that of the words 'Motor Oil' would quite probably lead to the association of the words 'Penn

Motor Oil' in a purely descriptive sense. Even if the goods were known and called for as 'Penn Ace', it is thought the 'Penn' portion of the mark would suggest merely that the particular oils to which the mark was applied were 'Ace' oils from Pennsylvania."

In affirming the decision of the Examiner, the Commissioner, among other things, said:

"A mere inspection of the drawing filed by the applicant discloses at once that the predominating part of its mark is the word 'Ace'. It appears in the most advantageous location and in much larger type than any of the other words. It is true that the word 'Penn' is also employed but it appears in a less prominent manner and, furthermore, it is used purely in its geographical sense. It is common knowledge that Pennsylvania produces high grade oils and any one seeing the abbreviation of the state employed in conjunction with lubricating oils would immediately and quite correctly conclude that they were products of the state in question.

"Inasmuch as the predominating part of the applicant's mark is the same as that of the registrant and inasmuch as there would undoubtedly be a tendency to refer to applicant's product as 'Ace' oils, it is concluded that the applicant is not entitled to registration. Even if the oils were known as 'Penn Ace' oils, it is believed that the trade would confuse them with the 'Ace' oils of the registrant, since the latter is free at any time to sell Pennsylvania oils and so designate them by the employment of an appropriate, geographical term, such as 'Penn' or 'Pennsylvania' ".

In his decision, the Commissioner cited the case of Miller Becker Co. v. King of Clubs, Inc., 56 F.(2d) 883, 19 C. C. P. A. (Patents) 1024, in support of his holding.

It is contended by counsel for appellant that the marks should be considered as a whole; that, when so considered, they are not confusingly similar; and that the words "Penn," "Motor Oil," and "100% Pure Pennsylvania," together with the picture of the ace of spades playing card, are sufficient to distinguish appellant's mark from that of the reference cited by the tribunals of the Patent Office.

It is further contended by counsel for appellant that the registrant is not entitled to a monopoly of the word "Ace," as a trade-mark for use on lubricating oils, because, it is argued, the word is publici juris, and, in support of that proposition, counsel stated that the trade-marks "Ace High," "Acewood," "Ace-ite," "Aseol," and "Aseco" have been registered in the United States Patent Office, for use on lubricating oils.

It appears from the record that the trade-mark "Ace High" is also owned by the registrant, Midwest Oil Company, and that, of those referred to by counsel for appellant, it was the only mark registered prior to the registration of the trade-mark "Ace Quality," hereinbefore described.

We are in entire agreement with the tribunals of the Patent Office that the word "Ace" is the dominant feature of appellant's mark, as well as that of the registrant; that the word "Penn," appearing in appellant's mark, was obviously intended to indicate to the purchasing public that the oil upon which appellant's trade-mark was used was, as represented by the words "100% Pure Pennsylvania," appearing in the mark, although disclaimed by appellant, high-grade Pennsylvania oil; that the registrant was entitled to use its mark on Pennsylvania oil, as well as oils produced in other states; and that, considering the marks as a whole, their concurrent use by the respective parties would be likely to cause confusion in trade.

If appellant is entitled to register its trade-mark, it might substitute for the word "Penn," the name of each state, in abbreviated form or otherwise, in which oil is produced, and register each of those marks, with obviously disastrous results to the registrant of the marks "Ace Quality" and "Ace High."

But, it is argued by counsel for appellant, the word "Ace" is publici juris, and therefore the registrant is not entitled to its exclusive use in a trade-mark for use on lubricating oils.

Whether the word "Ace" is publici juris or not, the registrant, of course, is not entitled to the exclusive use of it for use on lubricating oils. However, in order to entitle appellant to register a mark in which it appears, the other features of its mark must be such that, when considered as a whole, it will not be confusingly similar with the registrant's mark. See Miller Becker Co. v. King of Clubs, Inc., supra.

Without intending to suggest that any of the registered marks referred to by appellant, to wit, "Acewood," "Ace-ite," "Ase-

ol," and "Aseco," each of which was registered subsequent to the registration of the registrant's trade-marks "Ace High" and "Ace Quality," were or were not entitled to registration, we deem it sufficient to say that the doctrine of publici juris, as defined by this court in the case of Lever Brothers Co. v. Riodela Chemical Co., 41 F.(2d) 408, 17 C. C. P. A. (Patents) 1272, 1277, is not applicable to the case at bar.

We are in entire accord with the conclusion reached by the tribunals of the Patent Office, and the decision of the Commissioner of Patents is affirmed.

Affirmed.